UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL AGUILAR LAUREL, | Case No. 1:26-cv-05221-NW |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| TONYA ANDREWS, *et al.*, | Re: ECF Nos. 1, 4 |
| Respondents. | |

Petitioner Emmanuel Aguilar Laurel petitions for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, and moves for a temporary restraining order, ECF. No. 4, arguing that his prolonged detention and arrest without proper process violated due process.  Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(A) because he has two or more convictions with an aggregate sentence of confinement of five years or more.  ECF No. 9 at 2; *see* 8 U.S.C. § 1182(a)(2)(B) ("Any alien convicted of 2 or more offenses … for which the aggregate sentences to confinement were 5 years or more is inadmissible.").  In support, Respondents submit a RAP sheet indicating that Petitioner was most recently convicted of child abuse and sentenced to five years in prison.  ECF No. 9-2 at 13–15.  The RAP sheet also shows convictions spanning from 2009 to 2018 for additional, more minor offenses.  *Id*. at 4–12.

While Petitioner contends that his classification under § 1226(c)(1)(A) is incorrect, a challenge of that nature should be raised, at least in the first instance, with immigration authorities rather than with a court.  Section 1226(c) "carves out a statutory category of [noncitizens] who may *not* be released under § 1226(a)," mandating detention for a noncitizen "who falls into one of several enumerated categories involving criminal offenses." *Jennings v. Rodriguez*, 583 U.S. 281,

United States District Court
Eastern District of California

289 (2018) (emphasis in original).

Noncitizens "who deny that they satisfy any § 1226(c) predicate may challenge their mandatory detention in a *Joseph* hearing" in immigration court. *Nielsen v. Preap*, 586 U.S. 392, 418 n.8 (2019). At a *Joseph* hearing, "the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Demore v. Kim,* 538 U.S. 510, 514, n. 3 (2003). Petitioner's proper recourse is to seek a *Joseph* hearing in immigration court, not the relief he has sought in this Court. *See, e.g.*, *Jonathan G.P. v. Mullen*, No. 1:26-CV-03196-RLP, 2026 WL 2018619, at *5 (E.D. Cal. July 13, 2026) (ordering Respondents to provide Joseph hearing where Petitioner challenged the applicability of 1226(c)); *Rakeshkumar H.P. v. Warden, California City Corr. Ctr.*, No. 1:26-CV-02869-MWJS, 2026 WL 1146201, at *1 (E.D. Cal. Apr. 28, 2026) (denying petition where Petitioner's proper recourse for challenging his detention under 1226(c) was a Josheph hearing); *Martinez Rodriguez v. Warden, Central Valley Annex*, No. 1:26-CV-3681-DC-CSK, 2026 WL 1864641 (E.D. Cal. June 29, 2026) (dismissing petition for failing to exhaust administrative remedies by not first seeking a Joseph hearing to challenge his detention under 1226(c)).

Additionally, the Court finds that—at least at this stage—the facts do not support a constitutional challenge for prolonged detention. Judges have reached different conclusions about what standards ought to govern as-applied challenges to prolonged, mandatory detention under § 1226(c), with factors such as the length of detention, whether the detention is likely to continue, and the reasons for the delay among items considered amongst the plethora of different balancing tests. *See Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, Case No. 1:24-cv-00919, 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) (summarizing precedents). Regardless of what standard the Court was to apply here, Petitioner's roughly five weeks of detention standing alone does not raise constitutional concerns.

United States District Court
Eastern District of California

2

For these reasons, the petition is DENIED and the motion for a temporary restraining order is DENIED as moot. This ruling does not preclude Petitioner from petitioning for a writ of habeas corpus in the future, after a longer period of detention and a more fully developed factual record.

**IT IS SO ORDERED.**

Dated: July 16, 2026

Noël Wise
United States District Judge

United States District Court
Eastern District of California